FILED 80
Dr. Arthur L. Mallory Commissioner of Education State Department of Elementary and Secondary Education Jefferson State Office Building Jefferson City, Missouri 65101
Dear Commissioner Mallory:
The following is in response to your request for the legal opinion of this office on three questions pertaining to the education of handicapped children admitted to the programs and facilities of the Department of Mental Health. Each question will be separately quoted and answered below.
Factually, you advised that the Department of Mental Health has billed school districts for special educational services provided persons between the ages of five and twenty-one, who "allegedly" reside in the districts which were billed. These bills were mailed by the Department of Mental Health only after the State Auditor criticized the Department of Mental Health for its failure to do so. Apparently, the Department had not sent these bills before the State Auditor's criticism was received because an effort was being made in the General Assembly to change Section 162.970 to avoid the necessity of billing school districts.
In answering your questions, we understand that you are concerned about situations in which the handicapped child in question has a parent or guardian living some place in Missouri. Therefore, we do not consider the type of situation discussed in Opinion No. 26, dated April 8, 1971, in which neither a parent nor a guardian lives in Missouri.
Question No. 1
 "1. What is the school district's obligation to pay the Department of Mental Health for special education services provided persons in the following factual circumstances:
 "a. A school district contracts or refers a student enrolled in the public school to the Department of Mental Health for special education services;
 "b. A parent who resides in the school district sends his child to a facility of the Department of Mental Health for special education without the knowledge of the district;
 "c. An individual who is under twenty-one but who has either dropped out of the school program or who has graduated from the school program receives special education services from the Department of Mental Health (such persons may have been assigned by the court or may have voluntarily enrolled in the program);
 "d. An individual between the ages of five and twenty-one years who was referred to the Department of Mental Health for diagnostic services by a juvenile officer or by the Department of Family Services."
Subsection 1 of Section 162.970, RSMo Cum. Supp. 1975, provides:
 "1. Handicapped children who are admitted to the programs or facilities provided by the division of mental health shall have a right to the services provided by sections 162.670
to 162.995, and shall not be denied admission to any appropriate public school or special school district program where the child actually resides because he is admitted to the program or facility provided by the division of mental health, but nothing in sections 162.670 to 162.995 shall prevent the division of mental health from providing or procuring such special educational services to such children. The school district, except school districts which are a part of a special school district, or the special school district of residence of the parent or guardian of every handicapped child for whom special educational services are provided or procured by the division of mental health, or the district which would otherwise be responsible for providing gratuitous education for such child, shall be responsible for per pupil costs for special education services for such child in an amount not to exceed the average sum produced per child by the local tax effort of the district."
Section 162.970 pertains only to "handicapped children." See Section 162.675, RSMo Cum. Supp. 1975, in which "handicapped children" and "severely handicapped children" are separately defined.
In Opinion No. 290, dated December 6, 1974, this office concluded that school districts or, where formed, special school districts are primarily responsible for providing special educational services to handicapped children. However, when handicapped children are admitted to the programs or facilities of the Department of Mental Health, the Department must assure that these handicapped children receive the special educational services to which they are entitled. These special educational services can either be provided by the Department of Mental Health pursuant to Chapter 202, RSMo 1969, as amended, or these special educational services can be provided by sending the children to the local or special school districts in which the Mental Health facility is located. Whether a particular handicapped child is educated directly by the Department or by a local or special school district is a decision to be made in each instance by the Department of Mental Health.
The Department of Mental Health's obligation to make this decision arises regardless of how a handicapped child comes to be admitted to the programs or facilities of the Department. It makes no difference whether a handicapped child comes to be admitted to the Department's programs or facilities by action of a school district, by action of a child's parents, or by action of some third party. In each instance, the Department must determine the best method for providing special educational services.
If the Department of Mental Health determines that a handicapped child should receive special educational services from the Department, the school district or special school district of residence of the parents or guardian of the child must pay to the Department "an amount not to exceed the average sum produced per child by the local tax effort of the district. Section 162.970(1).
similarly, if the Department of Mental Health determines that a handicapped child is best educated in the school district (regular or special) in which the Mental Health facility is located, the district of residence of the child's parents or guardian is still responsible for making the payment to the Department of Mental Health. However, in this instance, the educating district, which is not the district of residence of the child's parents or guardian, is eligible for state financial assistance in educating that child in accordance with Sections 162.975 through 162.990, RSMo 1975 Supp. Furthermore, provided the Department of Mental Health has received the necessary appropriation from the General Assembly, the department shall pay for each child receiving special educational services from a local or special school district, which is not the district of residence of the child's parents or guardian, an amount equal to the amount collected by the Department of Mental Health from the district of residence of the child's parents or guardian. See Opinion No. 290, page 4, and Section 162.970.
Obviously, the General Assembly intended by requiring payment of the local tax effort by the district of residence of the handicapped child's parents or guardian to provide some financial relief for the Department of Mental Health or the educating district where the educating district was not the district of residence of the child's parents or guardian. Absent such a provision, placement of a handicapped child in the programs or facilities of the Department of Mental Health would constitute a windfall to the district of residence of the child because it would still receive the tax benefit of having the child's parents or guardian as residents in the district, but would not have any financial responsibility to educate the child.
Therefore, whenever a handicapped child is enrolled in the programs or facilities of the Department of Mental Health, the school district of residence of the child's parents or guardian must, in each instance listed in Question No. 1, pay to the Department of Mental Health an amount equal to the district's local tax effort per child.
Question No. 2
 "2. What actions are available to a district which receives a bill for services provided by the Department of Mental Health for which they had not contracted and the parents of the child do not reside in the district?"
As we stated in response to question No. 1, whether the local school district of residence of the handicapped child's parents or guardian contracted with the Department of Mental Health or not to furnish special educational services is not determinative. If the Department of Mental Health or a school district other than the district where the child's parents or guardian reside furnishes such services to a child admitted to the Department's programs or facilities, the district of residence of the child's parents or guardian must pay toward the education of that child the amount of its local tax effort per child.
If the parents or guardian of the child do not reside in the district which has been billed, the billed district would not be responsible for the payment. Presumably, the Department of Mental Health would cancel the bill upon being shown by the billed district that the parents were not residents.
Question No. 3
 "3. If a bill presented to a school district is not paid within the prescribed time and is referred to the Department of Elementary and Secondary Education, what is the legal obligations of the state board of education with respect to:
"a. validating the charge;
"b. withholding of payment of state funds;
 "c. making payment to the Department of Mental Health."
Subsection 2 of Section 162.970 provides as follows:
 "2. Failure of a district to pay such amount to the division of mental health within ninety days after a bill is submitted by the division shall result in deduction of the amount due by the state board of education from subsequent payments of any state financial aid due such district and in the payment by the state board of education to the director of mental health of the amount deducted."
Subsection 2 of Section 162.970 provides a ninety-day period for districts to pay any bill submitted by the Department of Mental Health. During that period of time, any disputes between the district and the Department of Mental Health should be resolved. After the expiration of the ninety-day period, the Division of Mental Health should certify to the State Board of Education the amounts unpaid and the State Board of Education should proceed forthwith in reliance on that certification to make the required deduction from subsequent payments of state moneys to the delinquent school districts.
The procedure for paying the deducted amounts to the Director of Mental Health, as required by subsection 2 of Section 162.970, should be worked out between the State Board of Education, the State Auditor, the State Treasurer, the Office of Administration, and the Department of Mental Health.
CONCLUSION
Therefore, it is the conclusion of this office that the school district of residence of a handicapped child's parents or guardian must pay to the Department of Mental Health the local tax effort per child of that district when the handicapped child has been admitted to the programs or facilities of the Department. If a district is billed by the Department of Mental Health and there is a dispute over whether the child's parents live in the billed district, the dispute between the district and the Department should be resolved within the ninety-day period provided in Section 162.970, RSMo Cum. Supp. 1975. After the expiration of the ninety-day period, all delinquent districts should be certified by the Department of Mental Health to the State Board of Education. The State Board of Education, in reliance on that certification, should deduct from subsequent payments of state aid to the delinquent district the amount owed to the Department and remit that amount to the Department of Mental Health.
The foregoing opinion, which I hereby approve, was prepared by my assistant, D. Brook Bartlett.
Very truly yours,
 JOHN C. DANFORTH Attorney General
Op. 290, 12-6-74.